[Crim. No. 10750.  Second Dist., Div. One.  Apr. 29, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. JOSEPH CLARK, JR., Defendant and Appellant.

Cary G. Branch for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Gerald H. Genard, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J. — By amended information defendant was charged in Count I with unauthorized possession of narcotics in a county jail (Pen. Code, § 4573.6) ; in Count II with possession of narcotics (Health & Saf. Code, § 11500). The case having been submitted on the transcript of the preliminary hearing, he was acquitted of the charge contained in Count I, and

found guilty as charged in Count II. Motion for new trial was denied, and defendant was sentenced to the state prison. He appeals from the judgment and order "denying his motion to dismiss."

By section 4573.6, as amended in 1949, it is a felony for any person to have in his possession in any of the several custodial institutions therein specified *"any narcotics, or drugs* in any manner, shape, form, dispenser or container . . . without being authorized to so possess the same by the rules of the Department of Corrections, rules of the prison or jail . . . or by the specific authorization of warden, superintendent, jailer or other person in charge of the prison, jail. . . ." (Italics added.) The penalty therefor, not being prescribed in the statute, is governed by sections 18 and 18a, Penal Code; they provide for imprisonment in the state prison for not less than six months nor more than five years.

As amended in 1961, section 11500 provides in part: "Except as otherwise provided in this division, every person who possesses any narcotic *other than marijuana* except upon the written prescription of a physician, dentist, podiatrist, or veterinarian licensed to practice in this State, shall be punished by imprisonment in the state prison for not less than two years nor more than 10 years, and shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he has served not less than two years in prison." (Italics added.)

It is appellant's contention that section 4573.6 is a special statute relating to special circumstances, which has remained unchanged since its adoption in 1949; that section 11500, on the other hand, is a general statute covering the entire narcotic-possession field (except marijuana) which has been amended several times since its original enactment in 1939, particularly with respect to the penalty for its violation; and that " 'where the general act is later the special statute will be considered as remaining an exception to its terms unless it is repealed in general words or by necessary implication.' [Citations.]" (*In re Williamson*, 43 Cal.2d 651, 654 [276 P.2d 593]), thus, the People were precluded from electing to proceed, and the court was without jurisdiction to render a finding of guilt, under the so-called general statute.

That section 11500 is a general statute seems to be conceded; it is applicable to "every person" who possesses narcotics other than marijuana except upon written prescription. But

the question remains whether section 4573.6 does not also constitute general legislation, in which event the rule restated in *Williamson* is not here controlling. ■ A statute is said to be general ''if its terms apply to, and its provisions operate upon, all persons and subject-matters in like situation. [Citation.]'' (*Jones* v. *Power County*, 27 Idaho 656 [150 P. 35, 37].) ■ Thus, in the present case it is operative upon ''any person'' possessed of narcotics within the limits of the enumerated institutions, applying to visitors as well as inmates. (*People* v. *Trout*, 137 Cal.App.2d 794 [291 P.2d 83].) No individuals in like situation are excepted from its provisions, nor is any particular person ''extracted'' from its operation as in the case of section 1202b, Penal Code, permitting the trial court to specify a six-month minimum imprisonment for defendants under the age of 23 years. Accordingly, in *In re Ward*, 227 Cal.App.2d 369 [38 Cal.Rptr. 650], section 1202b was held to be a special statute because ''particular persons'' (those under 23 years of age) convicted of any felony were exempted from the operation of section 11531, Health and Safety Code, prescribing a minimum term of three years for marijuana possession, which was determined to be a general statute: '' 'A statute which affects all the individuals of a class is a general law, while one which relates to particular persons or things of a class is special.' [Citation.]'' (227 Cal.App.2d 369, 375.)

Too, it appears that section 4573.6 is broader in scope than section 11500. As applied to persons governed thereby, section 4573.6 proscribes the possession of all narcotics—and even alcoholic beverages; section 11500, on the other hand, expressly exempts the possession of marijuana from its operation. True, the general character of a law is not affected by the number of persons or things which come within the scope of its operation (82 C.J.S. p. 271), but we have alluded to the relative breadth of statutory coverage at bar to illustrate that section 4573.6 does not contain the attributes claimed by appellant.

■ Citing *People* v. *Haydon*, 106 Cal.App.2d 105 [234 P.2d 720], appellant next contends that by enacting section 4573.6 the Legislature has impliedly repealed *pro tanto* section 11500. There the court adopted the rule that when a subsequent statute is enacted inconsistent with a statute enacted earlier and covering the entire ground of the subject-matter, it impliedly repeals the preceding statute; especially is this so where the later statute imposes penalties of less severity,

" 'the rule in favor of clemency being that, where different penalties are imposed for the same offense, the lighter penalty, when imposed in a later statute, is presumed to supersede the earlier and heavier.' '' (P. 111.) Here, of course, the later statute provides for a heavier penalty; however, there is authority (at least from other jurisdictions) for the proposition that the later statute repeals the earlier one even if the penalty is increased. (82 C.J.S. p. 520.) We cannot agree with appellant's position.

█ Consonant with the settled principle that repeals by implication are looked upon with disfavor and that there is a presumption against such repeals (45 Cal.Jur.2d 596-597), we are obliged, if possible, " 'to maintain the integrity of both statutes if the two may stand together.' '' (*California Drive-In Restaurant Assn.* v. *Clark,* 22 Cal.2d 287, 292 [140 P.2d 657, 147 A.L.R. 1028].) The fundamental test in all cases is the intention of the Legislature; and an important factor in determining such legislative intent is the purpose or object sought to be achieved by the subject legislation. █ Accordingly, if it reasonably appears that the statutes before us were designed for different purposes, they are not irreconcilable and "may stand together."

Section 4573.6 is found in chapter 3 of title 5 of part 3 of the Penal Code, chapter 3 being titled "Unauthorized Communications with Prisons and Prisoners." Section 4570, appearing under the same chapter, forbids the bringing in or taking out of reading matter without permission of the warden or other officer in charge of the custodial institution; with reference to this statute, our Supreme Court has declared that "Reasonable censorship of the printed matter which may be possessed by an inmate is necessary in prison administration. . . ." (*In re Ferguson,* 55 Cal.2d 663, 674 [12 Cal.Rptr. 753, 361 P.2d 417].) *A fortiori* section 4573.6 serves a similar purpose—and to a much greater degree. At least with respect to appellant's status as an inmate, we may also take notice of the fact that he was subject to administrative discipline for violation of prison rules. (Pen. Code, § 2081.)[1] In *People* v. *Ford,* 175 Cal.App.2d 37 [345 P.2d 354], the appellant was convicted of violating section 4573.6; having been summarily punished before trial by solitary confinement for 29 days, he

---

[1]The related county jail statute, applicable to appellant, provides that every public official in charge of a jail must "keep a record of all disciplinary infractions and punishment administered therefor." (Pen. Code, § 4019.5, subd. (e).)

unavailingly argued that section 654 of the Penal Code, prohibiting multiple punishment, applied to his case. Said the court: "It is apparent that some summary means of enforcement of reasonable rules is essential to proper operation of a prison." (P. 39.) Since *People* v. *Conson,* 72 Cal.App. 509 [237 P. 799], decided in 1925 and cited in *Ford,* contains language (at p. 511) substantially similar to that quoted above, we may properly assume that the Legislature's retention of the six months' minimum penalty (§ 4573.6) was no mere inadvertence and was predicated on the reasonable supposition that the judicial punishment thus statutorily authorized would be supplemented by summary penalties imposed under section 2081. ■ "The construction placed on a statute by judicial decisions becomes a part of it. Unless plainly shown to be wrong, that construction will be strictly adhered to in subsequent cases, especially where it is supported by a line of uniform decisions and has been acquiesced in by the legislature in succeeding years." (45 Cal.Jur.2d, Statutes, p. 622, § 111.)

■ Section 11500, on the other hand, is designed to protect the health and safety of all persons within its borders by regulating the traffic in narcotic drugs. Formerly (in 1955) the statute provided that ". . . *no person* shall possess . . . a narcotic except upon the written prescription of a physician. . . ." (Italics added.) Said the court with respect to the above legislation: "It is equally clear from the above that the Legislature intended to place its condemnation upon each distinct, separate part of every transaction coming within the mischiefs intended to be reached and remedied." (*People* v. *Blake,* 179 Cal.App.2d 246, 251 [3 Cal.Rptr. 749].) Now, however, section 11500 declares that ". . . *every person* who possesses any narcotic other than marijuana except upon the written prescription of a physician . . . shall be punished. . . ." (Italics added.) The substitution of positive or affirmative language may, or may not be significant; it is nevertheless certain that "every person" is all-inclusive and embraces the inmates and visitors mentioned in section 4573.6. Any other conclusion would contravene the settled rule of statutory construction that "Statutes must be given a reasonable and common sense construction in accordance with the apparent purpose and intention of the lawmakers—one that is practical rather than technical, and that will lead to a wise policy rather than to mischief or absurdity." (45 Cal.Jur.2d, Statutes, pp. 625-626, § 116.)

The judgment is affirmed; the attempted appeal from the order is dismissed.

Wood, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied May 26, 1966, and appellant's petition for a hearing by the Supreme Court was denied June 22, 1966.