[Civ. No. 15690. Third Dist. Apr. 12, 1977.]

ANNETTE M. DEGLOW, Plaintiff and Respondent, v.
BOARD OF TRUSTEES OF THE LOS RIOS COMMUNITY
COLLEGE DISTRICT et al., Defendants and Appellants.

460

**COUNSEL**

John B. Heinrich, County Counsel, and L. B. Elam, Deputy County Counsel, for Defendants and Appellants.

Blease, Vanderlaan & Rothschild and Coleman A. Blease for Plaintiff and Respondent.

**OPINION**

**FRIEDMAN, Acting P. J.**—Plaintiff Annette Deglow is a certified teacher of mathematics. Since the fall semester of 1967 she has been continuously employed on an hourly basis by the Los Rios Community College District to teach evening courses at Sacramento City College. In 1973 Mrs. Deglow and two other teachers[1] initiated mandamus proceedings to compel the district to classify them as regular or contract employees.[2] The district opposes those classifications claiming instead that Mrs. Deglow is a temporary employee.

On June 3, 1967, Mrs. Deglow signed a contract with the district to teach evening classes for five hours per week during the coming fall semester. She commenced teaching on September 11, 1967. Through successive contracts, she was employed for each semester thereafter through the spring semester of 1974. During the spring semester of 1973 her weekly teaching assignment was reduced to two hours and during the fall semester of 1973, to three hours. During the spring semester of 1974 she again taught for five hours per week. She was always a part-time

---

[1]Plaintiffs Frederic D. Daley and Kathryn M. Crowe settled their issues with the defendants during the course of the proceedings below and are not parties to this appeal.

[2]As of September 1, 1972, the Legislature altered the nomenclature of employee classification, designating a "probationary" employee as a "contract" employee and a "permanent" employee as a "regular" employee. (Ed. Code,§§ 13345.05, 13345.10.)

teacher, carrying no more than one-third the weekly time assignment of a full-time teacher.

On November 8, 1967, while Mrs. Deglow was engaged in her first semester of teaching, Education Code section 13337.5 became effective.[3] Its last paragraph provides: "Notwithstanding any other provision to the contrary, any person who is employed to teach adult or community college classes for not more than 60 percent of the hours per week considered a full-time assignment for permanent employees having comparable duties shall be classified as a temporary employee, and shall not become a probationary employee under the provisions of Section 13446."

Having taught on a part-time basis for more than three continuous years, Mrs. Deglow claimed status as a regular (permanent) part-time teacher. The district would allow her status only as a temporary teacher. She instituted this action in August 1973. The trial court sustained Mrs. Deglow's claim to status as a regular teacher and the district appeals.

The district contends that from the spring semester of the 1967-1968 school year to the present Mrs. Deglow has been a temporary employee; that section 13337.5 prevented her from gaining probationary status. Mrs. Deglow argues that her first contract established her status as a probationary teacher; that continuation of that status was not affected by the enactment of section 13337.5; that by operation of law she became entitled to "part-time regular" status beginning with the fall semester of the 1974-1975 school year. She also asserts entitlement to salary and benefits as a one-third part-time contract employee during the spring and fall semesters of 1973.

When Mrs. Deglow signed her part-time teaching contract in June 1967 and commenced teaching in September 1967, the employment of certificated personnel in community colleges was governed by Education Code provisions applicable to school districts generally. At that time school districts had authority to employ temporary, day-class teachers for not more than three school months of a school term and temporary evening-class teachers for not more than four months of the school term. (Ed. Code, §§ 13334, 13337.) Mrs. Deglow was employed to teach evening classes for the complete fall semester of 1967, that is, for more than four school months of the school term. Section 13337 deals with temporary certificated employees. It provides in part: "If the classes or

---

[3]All statutory citations refer to the Education Code unless specified otherwise.

duties continue beyond the first three school months of any school term or four school months for special day and evening classes for adults . . . the certificated employee, unless a permanent employee, shall be classified as a probationary employee. The school year may be divided into not more than two school terms for the purposes of this section."

■ By force of the last quoted section, when Mrs. Deglow commenced teaching in September 1967, she had the status of a probationary and not a temporary teacher. The provisions of section 13337 apply to part-time employment and permit a part-time teacher to gain status as a probationary (contract) employee. (*Balen* v. *Peralta Junior College Dist.*, 11 Cal.3d 821, 829 [114 Cal.Rptr. 589, 523 P.2d 629]; *Coffey* v. *Governing Bd. of S.F. Community College Dist.*, 66 Cal.App.3d 279, 291 [135 Cal.Rptr. 881].)

In *Balen,* *supra* (11 Cal.3d at p. 828), the Supreme Court held that section 13337.5 did not have retroactive effect and did not transform a probationary teacher into a temporary teacher. We are bound by that ruling. (*Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].) It requires us to hold that Mrs. Deglow's status as a probationary teacher was not canceled or interrupted when section 13337.5 became effective.[4]

The district seeks to distinguish the *Balen* decision on the ground that the teacher in that case was hired on full-year contracts while Mrs. Deglow was hired on a separate contract for each semester. This attempted distinction is rebutted by *Balen* itself, which declares that a district may not avoid the provisions of the Education Code by employing a teacher under consecutive part-time contracts. (11 Cal.3d at p. 831.) ■ Moreover, tenure in a community college may be gained by teaching night classes. (See *Curtis* v. *San Mateo Junior College Dist.*, 28 Cal.App.3d 161, 164 [103 Cal.Rptr. 33].)

■ The district seeks the shelter of section 13269, a statute not considered in *Balen.* That section provides that all employment pursuant to enumerated sections of the Education Code shall be subordinate to the Legislature's ongoing power of statutory change, immune from any claim of contract impairment. Section 13269 does not include section 13337.5 among the enumerated statutes. The district seeks to fill the

---

[4]We have noted but do not rely upon the analysis of section 13337.5 pursued in *Ferner* v. *Harris,* 45 Cal.App.3d 363, 371-372 [119 Cal.Rptr. 385].

omission by arguing, in effect, that section 13337.5 operates as an implied amendment of section 13337 (the latter being one of the statutes mentioned in § 13269). The argument is inacceptable. Amendments and repeals by implication will be effectuated only to accomplish the legislative intent. (*People* v. *Clark*, 241 Cal.App.2d 775, 779 [51 Cal.Rptr. 7].) Section 13269 was adopted in 1959. Section 13337.5 was adopted in 1967. We cannot ascribe to the 1959 Legislature an intention to incorporate by implication a statute adopted 18 years later. Moreover, section 13269 is a mere reservation of authority. A particular amendment or repeal may or may not be designed to impair or wipe out a preexisting employment status. According to the *Balen* decision, section 13337.5 was not so designed.[5]

■ Guided by the *Balen* analysis, we conclude that Mrs. Deglow became a probationary employee when hired; that she retained that status over the course of the ensuing years. According to section 13304, a probationary teacher gains permanent status after three complete consecutive school years. At this point we inquire whether Mrs. Deglow taught for "complete" school years. Section 13328.5 declares that a probationary employee working for a community college district must serve 75 percent of the hours of a full-time teacher in order to have served a complete school year. The trial court found that during the series of school years commencing September 1967 and ending in June 1972, Mrs. Deglow worked only one-third of the time of a full-time teacher. Thus she was not employed for "complete" school years. Although she argues to the contrary, those years of part-time employment did not qualify her for permanent status under section 13304.

Mrs. Deglow argues that the Legislature could not have intended to preclude a part-time probationary teacher from ever gaining regular or permanent status. In support of this argument she relies on a dictum in *Balen*, 11 Cal.3d at page 826, referring to probationary as well as permanent positions as having "a settled and continuing nature." At this point of its opinion, the Supreme Court was not considering the impact of section 13328.5. Working in combination, sections 13304 and 13328.5 preclude a part-time probationary teacher from ever gaining regular or permanent status. The *Balen* opinion apparently arrived at the identical

[5]Finally, this argument of the district is rebutted by the 1976 Education Code recodification. Recodified section 87420 (successor of § 13269) does not include section 87482 (successor of § 13337.5) among the enumerated statutes.

conclusion. After referring to section 13328.5 the court stated (p. 832): "From the meager evidence presented by affidavit we are unable to ascertain that Balen carried the workload required by these sections [i.e., 75 percent of full-time employment], and therefore cannot as a matter of law credit the years of partial work toward the prerequisites for permanent employment." (See also *Vittal* v. *Long Beach Unified Sch. Dist.,* 8 Cal.App.3d 112, 120 [87 Cal.Rptr. 319].) The years of part-time employment ending in June 1972 did not qualify Mrs. Deglow for permanent status.

The 1971 Legislature adopted a set of special provisions governing community college employment of certificated personnel. (Stats. 1971, ch. 1654; Ed. Code, § 13345 et seq.; § 25490 et seq.) These became operative September 1, 1972, and were in force during the 1972-1973 and 1973-1974 school years. Mrs. Deglow continued her part-time evening school teaching during these two years.

The new law required a district to employ certificated persons in one of three categories—contract employee, regular employee or temporary employee. (§ 13346.) In terms of tenure, these became the only three categories of certificated employment available to community college districts.

Section 25490.20 provided for the transition into the new categories of those employees having probationary status on September 1, 1972. Subdivision (a) of that section applied to probationary employees who worked at least 75 percent of the days of classroom instruction during the preceding academic year. Subdivision (b) of the section applied to all probationary employees who did not meet the requirements of subdivision (a). Subdivision (b) declared that such an employee would receive the classification of a contract employee under his first contract for the 1972-1973 fiscal year.[6]

■ Mrs. Deglow, according to the evidence, taught only two nights a week, i.e., less than 75 percent of the instructional days. Nevertheless, as we have held, she had the status of a probationary employee during the

---

[6]The phrase "fiscal year" in section 25490.20 evokes perplexities transcending those aroused by the tortuous and enervating intricacies pervading the Education Code. The cognate statutes all refer to academic years. (See, e.g., § 13346.05, 13346.30, 13348.05.)

1971-1972 academic year. By force of section 25490.20, subdivision (b), she became a contract employee under her first contract year for the 1972-1973 year.

Another provision of the new law, section 13346.30, directs each community college board to give notice to each contract employee of its decision whether to enter into a contract for a second academic year; requires the notice to be given on or before March 15 of the academic year; declares that failure to give the notice to an employee in his first contract year is deemed an extension of the contract for an additional year; declares that failure to give the notice to an employee in the second contract year is deemed a decision to employ him as a regular (i.e., permanent) employee for all subsequent years.

■ The board of the Los Rios district did not give Mrs. Deglow the required notice in 1973 or 1974. The trial court correctly held that she gained status as a second year contract employee in the 1973-1974 school year and that she gained status as a regular employee for all subsequent school years.

The district invokes section 13328.5 to escape this conclusion. That section, as we have observed, excludes a college teacher employed for less than 75 percent of full-time from whatever tenure might be gained from service for a full school year. The district's contention is not consistent with the 1972 statutes. The latter do not recognize part-time employment as a class distinct from regular, contract or temporary employment. They classify all certificated employees in one of the three latter categories. The transition provision, section 25490.20, distinctly permitted part-time as well as full-time teachers to gain contract status. Section 13346.30, in turn, created a method by which all contract teachers—both full and part-time employees—could become regular teachers. Section 13328.5, the preexisting statute regarding part-time college teachers, may not be invoked to reach a result not permitted by the 1972 legislation. Section 13345 distinctly provides that preexisting laws governing certificated employees of community college districts shall be applied to employees of community college districts "in a manner consistent with the provisions of this article." Application of section 13328.5 in the manner sought by the district would be inconsistent with the 1972 statutes.

As we understand the position of the Los Rios community college district, it does not contest the trial court's order directing partial back pay for the spring and fall semesters of 1973.

Judgment affirmed.

Janes, J., and Evans, J., concurred.