[Civ. No. 53321. Second Dist., Div. Three. Sept. 28, 1981.]

CALIFORNIA TEACHERS ASSOCIATION, Plaintiff and Appellant, v.
LOS ANGELES COMMUNITY COLLEGE DISTRICT et al.,
Defendants and Appellants.

 

## COUNSEL

Schwartz, Steinsapir, Dohrmann & Krepack, Robert M. Dohrmann and Howard M. Knee for Plaintiff and Appellant.

Robert J. Henry, Paterson & Taggart and Larry J. Frierson for Defendants and Appellants.

## OPINION

**POTTER, Acting P. J.**—California Teachers Association (CTA) sought a peremptory writ of mandate directing the Los Angeles Community College District and its chancellor, Dr. Leslie Koltai (District), to reclassify CTA members employed by the District during the 1976 spring semester as substitutes and part-time teachers (part-timers) and to award them back pay. The District had classified the substitutes as substitute employees under former Education Code section 13336,[1] and the part-timers who taught no more than 60 percent of the full-time assignment for permanent employees having comparable duties as temporary employees, under section 13337.5.[2]

---

[1]Unless otherwise indicated, all section references are to the Education Code of 1959, as it read just before its recodification, effective April 30, 1977.

Section 13336 provided: "Except as provided in Sections 13337.3 and 13337.5, governing boards of school districts shall classify as substitute employees those persons employed in positions requiring certification qualifications, to fill positions of regularly employed persons absent from service.

"After September 1 of any school year, the governing board of any school district may employ, for the remainder of the school year, in substitute status any otherwise qualified person who consents to be so employed in a position for which no regular employee is available, including persons retired for service under the State Teachers' Retirement System. Inability to acquire the services of a qualified regular employee shall be demonstrated to the satisfaction of the Commission for Teacher Preparation and Licensing.

"Any person employed for one complete school year as a temporary employee shall, if reemployed for the following school year in a position requiring certification qualifications, be classified by the governing board as a probationary employee and the previous year's employment as a temporary employee shall be deemed one year's employment as a probationary employee for purposes of acquiring permanent status."

[2]Section 13337.5 provided: "Notwithstanding the provisions of Section 13337, the governing board of a school district maintaining a community college may employ as a teacher in grade 13 or grade 14, for a complete school year but not less than a complete semester or quarter during a school year, any person holding appropriate

 

The superior court denied any relief with respect to part-timers and granted the writ with respect to reclassification of substitutes. It ordered the District to reclassify as contract or regular employees, depending upon the length of their service with the District (1) substitutes employed under the circumstances set forth in the first paragraph of section 13337.5 and employed for more than two semesters within any period of three consecutive years, and (2) any other substitutes employed for more than one complete school year.

CTA appealed from the denial of reclassification and back pay for part-timers. The District cross-appealed from the granting of reclassification to substitutes.

■ *Any Part-Timers Hired Before November 8, 1967, Are Entitled to Reclassification and Back Pay*

After the filing of these appeals, the issues of part-timers' classification and pay were resolved by our Supreme Court's decisions in *Peralta Federation of Teachers* v. *Peralta Community College Dist.* (1979) 24 Cal.3d 369 [155 Cal.Rptr. 679, 595 P.2d 113] (*Peralta*), and *California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692 [170 Cal.Rptr. 817, 621 P.2d 856] (*California Teachers*). Part-timers' rights to reclassification and back pay depend upon whether they were initially hired before November 8, 1967, the date that section 13337.5 became effective. In *Peralta*, our Supreme Court held

---

certification documents, and may classify such person as a temporary employee. The employment of such persons shall be based upon the need for additional certificated employees for grades 13 and 14 during a particular semester or quarter because of the higher enrollment of students in those grades during that semester or quarter as compared to the other semester or quarter in the academic year, or because a certificated employee has been granted leave for a semester, quarter, or year, or is experiencing long-term illness, and shall be limited, in number of persons so employed, to that need, as determined by the governing board.

"Such employment may be pursuant to contract fixing a salary for the entire semester or quarter.

"No person shall be so employed by any one district for more than two semesters or quarters within any period of three consecutive years.

"Notwithstanding any other provision to the contrary, any person who is employed to teach adult or community college classes for not more than 60 percent of the hours per week considered a full-time assignment for permanent employees having comparable duties shall be classified as a temporary employee, and shall not become a probationary employee under the provisions of Section 13446."

that the final paragraph of section 13337.5, which authorizes temporary status for part-timers, must be read independently from the preceding three paragraphs; therefore, part-timers coming under that provision are properly classified as temporary employees only, regardless of the number of semesters they taught. (24 Cal.3d at pp. 378-381; see also *California Teachers, supra*, 28 Cal.3d at p. 696.)

Part-timers initially hired before that date, however, are entitled to reclassification as part-time regular employees as of July 1, 1974, pursuant to section 13346.25. (*Peralta, supra*, 24 Cal.3d at p. 378; see also *California Teachers, supra*, 28 Cal.3d at p. 696.) Such part-timers are also entitled to receive additional prorated back pay, pursuant to section 13503.1, insofar as such causes of action are not barred by the applicable three-year statute of limitations (*id.*, at pp. 696-697; *Peralta, supra*, 24 Cal.3d at pp. 385-386), or by failure to present a claim if required by any applicable District regulation in effect at the time the cause of action accrued. (See *Adler* v. *Los Angeles Unified School Dist.* (1979) 98 Cal.App.3d 280, 287 [159 Cal.Rptr. 528].)[3]

The proper measure for apportioning that part-time pay "is the time actually spent on the job both inside and outside of the classroom." (*California Teachers, supra*, 28 Cal.3d at p. 702.)

Any part-timers entitled to reclassification and back pay should be ascertained by the trial court on remand. Here, as in *California Teachers*, "the rights of part-timers who were initially employed before November 8, 1967, are clearly encompassed in CTA's description in its petition of those on whose behalf the action was brought." (*Id.*, at p. 697.)[4]

■ Part-timers, hired on or after November 8, 1967, are not entitled to reclassification to contract status under sections 13336 or 13337.3, mandating reclassification of temporary employees who have taught "one complete school year," since they taught less than 75 percent of

---

[3]An affirmative defense based upon failure to present claims to the District was pleaded but not adjudicated by the trial court. On remand the issue thus raised should be resolved.

[4]The petition, filed on November 8, 1976, alleged that it was brought on behalf of part-timers employed in the spring 1976 semester. It further alleged that some part-timers had taught as long as 10 years.

the hours required of a full-time employee. (*Warner v. North Orange County Community College Dist.* (1979) 99 Cal.App.3d 617, 627 [161 Cal.Rptr. 1].) Moreover, part-timers do not qualify for reclassification under section 13337 since there was "no showing that the existence of their duties or the classes they were hired to teach was limited to the first three months of the term, or that they were employed to teach special classes for adults or in migratory schools for not more than four months in a term." (*Peralta, supra*, 24 Cal.3d at p. 384.)

*The Trial Court Correctly Ordered*
*Reclassification of Substitutes*

The issue remaining is whether the District may employ full-time substitutes hired under the conditions set forth in the first paragraph of section 13337.5, as temporary employees for a complete school year, regardless of whether they are so employed for more than two semesters in a consecutive three-year period.

Both sections 13337.5 and 13336 authorize employment of temporary (or substitute)[5] community college instructors. The first paragraph of section 13337.5 permits a community college district to hire temporary employees for "not less than a complete semester or quarter" in order to fill long-term full-time substitute needs caused by increased enrollment or the absence of regularly employed instructors who have "been granted leave for a semester, quarter, or year, or [are] experiencing long-term illness." The third paragraph, however, explicitly prohibits their employment as full-time temporary teachers "for more than two semesters or quarters within any period of three consecutive years." If so employed, they must be reclassified by virtue of section 13346 which requires that all certificated personnel be classified as temporary, contract, or regular employees. (See *Deglow v. Board of Trustees* (1977) 69 Cal.App.3d 459, 466 [138 Cal.Rptr. 177].)

Section 13336, a more general statute applying to teachers in elementary and secondary schools, as well as community colleges, authorizes employment of substitutes "to fill positions of regularly employed persons absent from service" as temporary employees for "a complete

---

[5]Community college substitutes are temporary employees (§ 25490.25).

school year" before mandatory reclassification to contract status. In many cases, employment for "two semesters" would be the same as employment for "one complete school year." But, since a school year runs from July 1 to June 30 (§ 5101), it appears that under section 13336 a substitute hired in the spring semester would have to work three semesters before being entitled to reclassification.

■ Whenever possible, we must reconcile statutes and seek to avoid interpretations which would require us to ignore one statute or the other. (*Fuentes* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 7 [128 Cal.Rptr. 673, 547 P.2d 449].) ■ A basic rule of statutory construction is "'that courts are bound to give effect to statutes according to the usual, ordinary import of the language employed in framing them.' [Citations.] ■ Although a court may properly rely on extrinsic aids, it should first turn to the words of the statute to determine the intent of the Legislature. [Citations.] 'If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.'" (*California Teachers, supra,* 28 Cal.3d at p. 698.)

■ Sections 13337.5 and 13336 are readily reconcilable. Section 13336 begins with the words, "Except as provided in Section[] ... 13337.5." Thus, the opening clause of 13336 expressly and unambiguously excludes its application to teachers hired under the conditions set forth in section 13337.5. The Legislature could not have used clearer language to denote its intent. Nor does any legislative history point to an intent contrary to this explicit statutory language. ■ "Where, as here, the relevant statutes may be reconciled, their provisions cannot be disregarded." (*Fuentes* v. *Workers' Comp. Appeals Bd., supra,* 16 Cal.3d at p. 8.) ■ Further, had there been a conflict between the statutes, section 13337.5, as the more specific section, would still prevail over section 13336, the more general law applicable to the same subject. (*Ibid.*)

Accordingly, the trial court correctly held that full-time substitutes hired under the conditions set forth in the first paragraph of section 13337.5, who taught for more than two semesters in any three-year consecutive period, must be reclassified.

The judgment, insofar as it concerns part-timers, is reversed and remanded for further proceedings consistent with this opinion to deter-

mine which part-timers, if any, are entitled to reclassification and the amount of prorated back pay, if any, to be awarded. With respect to the reclassification of substitutes, the judgment is affirmed.

Cobey, J., and Lui, J., concurred.

A petition for a rehearing was denied October 27, 1981, and the opinion and judgment were modified to read as printed above.