Filed 11/9/15  P. v. Lyons CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMON LYONS,<br><br>    Defendant and Appellant. | C079185<br><br>(Super. Ct. No. 13F07312) |

"On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47), which went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)"  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  Proposition 47 created a resentencing provision, codified at Penal Code section 1170.18,[1] which provides that a person currently serving a sentence for certain designated felonies may petition for recall of the sentence to reduce the felony

---

[1]  Undesignated statutory references are to the Penal Code.

1

to a misdemeanor. Defendant Jamon Lyons appeals from an order denying his petition to reduce his commitment conviction from a felony to a misdemeanor.

Defendant's petition was denied upon a determination that he was not eligible for relief because the commitment offense was for violation of section 4573.6, possession of a controlled substance in state prison, which is not one of the eligible offenses listed in section 1170.18.

Counsel was appointed to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there were any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant was granted leave to file a belated supplemental brief by which he first cites *In re Estrada* (1965) 63 Cal.2d 740 and its progeny for the proposition that he is entitled to retrospective application of the benefits of the changes in law promulgated by Proposition 47. However, the principles of retroactivity enunciated in *Estrada* are applicable only to judgments not yet final when the statute mitigating punishment takes effect. (*Estrada*, at p. 745 ["The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final."].) Defendant's judgment of conviction was final in July of 2012, well before the November 5, 2014, effective date of Proposition 47. In any event, nothing in Proposition 47 reduces a conviction for violation of section 4573.6 from a felony to a misdemeanor.

Proposition 47 expressly does provide some retrospective relief, establishing a procedure for persons currently serving sentences on certain felonies to petition to have those felonies reduced to misdemeanors. (§ 1170.18.) Defendant's second claim is that the equal protection clauses of the United States and California Constitutions are violated by the statute's provision for reduction in punishment for violation of Health and Safety

2

Code section 11350, possession of a controlled substance, but not for violation of section 4573.6, possession of a controlled substance in state prison. However, " '[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]" (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.) Generally, " ' "[p]ersons convicted of *different* crimes are not similarly situated for equal protection purposes." [Citations.] "[I]t is one thing to hold . . . that persons convicted of the *same crime* cannot be treated differently. It is quite another to hold that persons convicted of *different crimes* must be treated equally." [Citation.]' [Citation.]" (*People v. Barrera* (1993) 14 Cal.App.4th 1555, 1565.) We recognize that this is not an "absolute rule" and that a state cannot "arbitrarily discriminate between similarly situated persons simply by classifying their conduct under different criminal statutes. [Citation.]" (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199, overruled on other grounds in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871.) The "inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' [Citation.]" (*Cooley*, *supra*, 29 Cal.4th at p. 253.) Here, the two statutes promote two different purposes. Health and Safety Code section 11350 (former Health and Safety Code section 11500) "is designed to protect the health and safety of all persons within its borders by regulating the traffic in narcotic drugs" (*People v. Clark* (1966) 241 Cal.App.2d 775, 780); section 4573.6, on the other hand, serves the "necessary" purposes of "prison administration" (*Clark*, at p. 779). Since the two statutes serve different purposes, defendant is not "similarly situated" to one convicted of violation of Health and Safety Code section 11350, and there is no violation of the equal protection clauses.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to Proposition 47 remains an open

3

question.  Our Supreme Court has not spoken.  The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals.  (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Serrano* (2012) 211 Cal.App.4th 496; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.)  Nonetheless, in the absence of published authority to the contrary, we will adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements and defendant has filed a supplemental brief.

Having undertaken an examination of the record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                      RAYE           , P. J.



We concur:



      NICHOLSON      , J.



      MAURO          , J.


4