Filed 11/23/15  P. v. Jackson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C079588 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F01786) |
| v. | |
| RONALD DARDEN JACKSON, JR., | |
| Defendant and Appellant. | |

"On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47), which went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)"  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  Proposition 47 created a resentencing provision, codified at Penal Code section 1170.18,[1] which provides that a person currently serving a sentence for certain designated felonies may petition for recall of the sentence to reduce the felony

---

[1]  Undesignated statutory references are to the Penal Code.

1

to a misdemeanor. Defendant Ronald Darden Jackson, Jr., appeals from an order denying his petition to reduce his commitment conviction from a felony to a misdemeanor.

Defendant's petition was denied upon a determination that he was not eligible for relief because the commitment offense was for violation of section 4573.6, possession of a controlled substance in state prison, which is not one of the eligible offenses listed in section 1170.18.

Counsel was appointed to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there were any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to Proposition 47 remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Serrano* (2012) 211 Cal.App.4th 496; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of Supreme Court authority to the contrary, we believe it prudent to adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements and defendant has filed a supplemental brief.

In his supplemental brief, defendant claims the equal protection clauses of the United States and California Constitutions are violated by section 1170.18's provision for

2

reduction in punishment for violation of Health and Safety Code section 11350, possession of a controlled substance, but not for violation of section 4573.6, possession of a controlled substance in state prison.  However, " '[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]" (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.) Generally, " ' "Persons convicted of *different* crimes are not similarly situated for equal protection purposes." [Citations.]  "[I]t is one thing to hold . . . that persons convicted of the *same crime* cannot be treated differently.  It is quite another to hold that persons convicted of *different crimes* must be treated equally." [Citation.]' [Citation.]" (*People v. Barrera* (1993) 14 Cal.App.4th 1555, 1565.)  We recognize that this is not an "absolute rule" and that a state cannot "arbitrarily discriminate between similarly situated persons simply by classifying their conduct under different criminal statutes. [Citation.]" (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199, overruled on other grounds in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871.)  The "inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' [Citation.]" (*Cooley*, *supra*, 29 Cal.4th at p. 253.) Here, the two statutes promote two different purposes.  Health and Safety Code section 11350 (former Health and Safety Code section 11500) "is designed to protect the health and safety of all persons within its borders by regulating the traffic of narcotic drugs" (*People v. Clark* (1966) 241 Cal.App.2d 775, 780); section 4573.6, on the other hand, serves the "necessary" purposes of "prison administration" (*Clark*, at p. 779.) Since the two statutes serve different purposes, defendant is not "similarly situated" to

one convicted of violation of Health and Safety Code section 11350, and there is no violation of the equal protection clauses.[2]

Having undertaken an examination of the record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment (order) is affirmed.

        RAYE        , P. J.

We concur:

        HOCH        , J.

        RENNER        , J.

---

[2] Hence, defendant's conclusory reliance on *People v. Noyan* (2014) 232 Cal.App.4th 657 is unavailing, as there the two statutes at issue served the same purpose—the prevention of "knowingly bringing contraband into a custodial facility"—and thus those persons charged with committing the crimes were determined to be "similarly situated" (*id.* at p. 667).

4