[Crim. No. 5473.   Second Dist., Div. Three.   Dec. 15, 1955.]

THE PEOPLE, Respondent, v. LOUISE TROUT, Appellant.

Horace H. Appel for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

VALLÉE, J. — Defendant was convicted of unlawfully having heroin in her possession in the county jail of the county of Los Angeles in violation of section 4573.6 of the Penal Code. She appeals from the judgment.

Penal Code, section 4573.6, in pertinent part, reads:

"Any person having in his possession . . . in any county, city and county or city jail, road camp, farm, or any place or institution, where prisoners or inmates are being held under the custody of any sheriff, . . . any narcotics, or drugs in any manner, shape, form, dispenser or container, or alcoholic beverage, without being authorized to so possess the same by the rules of the Department of Corrections, rules of the prison or jail, institution, camp, farm or place, or by the specific authorization of the warden, superintendent, jailer or other person in charge of the prison, jail, institution, camp, farm, or place, is guilty of a felony."

■ Defendant's contention is that section 4573.6 applies to persons who are not prisoners or inmates and does not apply to persons who are prisoners or inmates. She concedes the evidence supports the conclusion that heroin was found in her possession while she was an inmate of the county jail. She says that since she was an inmate the section has no application and she should have been found not guilty. The argument is that section 4573.6 is found in chapter 3 of title 5 of part 3 of the Penal Code; that chapter 3 is titled "Unauthorized Communications With Prisons and Prisoners"; that each of the sections in chapter 3 other than section 4573.6 applies exclusively to persons who are not inmates—hence the Legislature intended that section 4573.6 should not apply to inmates. The argument is ingenious but unsound.

The attorney general argues that the sections in chapter 3 other than section 4573.6 do not apply exclusively to persons who are not inmates. We assume for the purpose of this decision, without so deciding, that defendant's construction of those sections is correct.

Chapter 3 of title 5 of part 3 of the Penal Code contains sections 4570-4573, both inclusive, 4573.5, 4573.6, and 4574. Chapter 3 was enacted in 1941 and contained sections 4570, 4571, 4572, 4573, and 4574. (Stats., 1941, ch. 106, § 15.) Section 4573.5 was enacted in 1947. (Stats., 1947, ch. 1019, § 1.) Section 4573.6 was added in 1949. (Stats., 1949, ch. 833, § 3.) The title or heading of chapter 3 appears to have been in the original enactment. (Stats., 1941, ch. 106, § 15.)

It does not follow from the fact that the Legislature in 1949 added section 4573.6 to chapter 3, titled "Unauthorized Communications With Prisons and Prisoners," it intended that the section should apply only to persons who are not inmates. At the time the Legislature enacted chapter 3 of title 5 of part 3 in 1941, it added title 10 to part 3 containing sections 10000-10005. Section 10004 provides:

"Division, chapter, article, and section headings contained herein shall not be deemed to govern, limit, modify or in any manner affect the scope, meaning or intent of the provisions of any division, chapter, article or section hereof."

Referring to the headings preceding section 4532 of the Penal Code, the court in *In re Halcomb*, 21 Cal.2d 126, said (p. 130 [130 P.2d 384]):

"Evidently they are inserted in the code by the publisher and as such they are not binding upon the courts. Even if the heading of this section were contained in its official enact-

ment, it would not govern, limit or modify nor in any manner affect the scope, meaning or intent of said section. (Pen. Code, § 10004.)''

*Cavalli* v. *Luckett*, 40 Cal.App.2d 250, is in point. The court stated (p. 255 [104 P.2d 708]):

''Plaintiffs make the further point that when in 1935 the provisions of subdivision (c) of section 28½ of the Vehicle Act were re-enacted into the Vehicle Code and given the number 758, the legislature intended to make the provisions thereof apply only to criminal cases. Such contention is based entirely upon the premise that in the re-enactment of said section in 1935 it was placed in one of the chapters of division XII of the Vehicle Code which bears the heading 'Parties, Procedure, Evidence and Penalties in Criminal Cases'. The negative answer to plaintiffs' contention is to be found, however, in section 7 of the 'General Provisions' of said code, which reads as follows: '7. Effect of Headings. Division, chapter, article, and section headings contained herein shall not be deemed to govern, limit, modify or in any manner affect the scope, meaning or intent of the provisions of any division, chapter, article or section hereof.' It would seem, therefore, that the very purpose of the legislature in incorporating said section 7 in the code was to meet any contention such as plaintiffs are now making to limit the scope and effect of said section 758.'' (See also 33 Cal.L.Rev. 155.)

Section 4573.6 is clear and unambiguous. It specifically applies to ''Any person,'' which includes an inmate, having in his possession the forbidden articles in any of the described institutions. It is subject to no other construction. We may not restrict the plain terms of the section merely because it appears in a chapter headed ''Unauthorized Communications With Prisons and Prisoners'' or because, forsooth, the other sections in chapter 3 may apply only to persons who are not inmates.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.