[Civ. No. 16863.   First Dist., Div. One.   Mar. 19, 1957.]

R. A. KLASSEN, Appellant, v. THE CITY OF SAN CARLOS et al., Respondents.

William O. Ellis, R. A. Rapsey and Paul De Mare for Appellant.

Melvin E. Cohn and Dennis Hession, City Attorneys (San Carlos) and Kirkbride, Wilson, Harzfeld & Wallace for Respondents.

O'Melveny & Myers as Amici Curiae on behalf of Respondents.

WOOD (Fred B.), J.—Shortly after the filing of our former opinion upon this appeal (Cal.App.) 303 P.2d 33, section 5375 of the Streets and Highways Code (added to the code by Stats. 1st Ex. Sess. 1950, ch. 65, p. 526) for the first time came to our attention. As that section appeared to have a significant bearing upon the issues herein, we ordered a rehearing, upon our own motion, for the purpose of considering it and to give counsel an opportunity to submit briefs as to the applicability, if any, of its provisions. That has been done and we are persuaded that section 5375 does apply and requires an affirmance of the judgment appealed from.

This action was brought by plaintiff as a citizen and taxpayer of the city of San Carlos pursuant to the provisions of section 526a of the Code of Civil Procedure. He alleges that after the commencement of a certain street improvement proceeding under sanction of the Municipal Improvement Act of 1913 (Sts. & Hy. Code, §§ 10000-10609), the city council contributed moneys for the improvement out of the city's general fund, and did so despite the fact that the resolution of intention ''made no mention of a contribution from any general fund of the City Treasury.''

This, plaintiff claims, the city had no power to do. We so held in our opinion as first filed herein, predicated upon section 10201 of the 1913 act and the apparent lack of authority therefor expressed in the Improvement Act of 1911.* But section 5375 of the 1911 act compels the opposite conclusion.

It says that if in the opinion of the legislative body of the city the public interest will be served, that body ''may provide for making a contribution to the cost of any project, or for the payment of any part of the cost thereof or of the expenses incidental thereto, instead of assessing the cost thereof in any assessment heretofore or hereafter levied.'' This it may do ''notwithstanding no provision is made therefor in the resolution of intention or said contribution or payment is in addition to that provided in said resolution.'' The Legislature could hardly have expressed itself more emphatically. If applicable here, section 5375 demonstrates that San Carlos' city council had complete authority to make the questioned contributions; the complaint does not and can

---

*Section 10205 of the 1913 act declares that "The provisions of the Improvement Act of 1911 relating to contributions is [are] incorporated in this division as if fully set out herein."

not be made to state a cause of action; the demurrer to the third amended complaint was properly sustained without leave to amend; and the judgment must be affirmed.

Section 5375 is applicable here. At the time of its enactment (1950) section 2a of the Municipal Improvement Act of 1913 read as follows: ''The provisions of the Improvement Act of 1911, *as now or hereafter provided,* relating to contributions, is [are] incorporated herein by reference.'' (Stats. 1949, ch. 976, § 5 at p. 1764; emphasis added.) The fact that when the 1913 act was codified in 1953 (§ 2a becoming Sts. & Hy. Code, § 10205; Stats. 1953, ch. 192, p. 1176, at p. 1183), the words ''as now or hereafter provided'' were deleted, did not operate to void the incorporation of section 5375 which had been effected in 1950. Moreover, we do not consider that the deletion of those words in the process of codification reflects an intent to change the meaning of the provisions of section 2a, in view of the long declared policy of the Code Commission to avoid substantive change (see Final Report of the Code Commission, 1953 pp. 11 and 12) and the practice of the Legislature in that regard (see *Sobey* v. *Molony,* 40 Cal.App.2d 381 [104 P.2d 868]), especially in the light of the declarations appearing in sections 2, 3 and 4 (particularly § 2) of the Streets and Highways Code.

■ Was such incorporation into the 1913 act so repugnant to the provisions of section 10201 of that act as to require an inference that the Legislature did not intend an incorporation of the provisions of section 5375? No. Section 10201 simply authorizes the city's legislative body to declare in its resolution of intention that a portion or percentage of the cost and expenses of the improvement shall be paid out of the city treasury. We do not think that the granting of that permission in 1913 (it was a part of the original act, Stats. 1913, ch. 247, p. 421) was so inconsistent with the 1950 legislative grant of permission to contribute city moneys at a later stage of the proceedings, that effect can not be given to both.*

Plaintiff argues that because section 5375 appears at the end of a chapter entitled ''Making and Confirming Assess-

---

*We are not holding that section 10205 incorporates only such provisions of the 1911 act as are consistent with those of the 1913 act. That is a question to be decided if and when it arises. We note that the incorporating clause (§ 2a of the original act) was inserted long after the original enactment and, therefore, is a more recent legislative expression on the subject of "contributions" than is section 10201.

ment," which he says means "after the contractor has fulfilled his contract" (quoting from § 5360), section 5375 was intended to apply only *after* completion of the contract, hence, inapplicable to the facts here pleaded. We do not find a basis for any such limitation. It can not be spelled out of the text of the sections in the chapter mentioned. Nor do chapter and section headings have a limiting effect. (Sts. & Hy. Code, § 6.) Section 5375 was not originally an integral part of that chapter. It was added to the code nine years after the other sections in the chapter had become a part of the code. And the Legislature did not, expressly, make it any part of that chapter; it in terms "added" section 5375 "to said code." (Stats. 1st Ex. Sess. 1950, ch. 65, p. 526.) There was a space there (between §§ 5374 and 5390) which presumably seemed as good a place as any for insertion of the subject matter of section 5375.

This concludes the consideration of the sole question urged by plaintiff upon this appeal (plaintiff's opening brief, p. 5, and his reply brief, pp. 2 and 3), the legal effect of the failure of the city council to include in its resolution of intention a provision for the questioned contributions.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.