Filed 1/28/21  P. v. Foreman CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARCUS ANTHONY FOREMAN,<br><br>    Defendant and Appellant. | F079896<br><br>(Super. Ct. No. DF014117A)<br><br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Kern County.  David Wolf, Judge.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Jeffrey D. Firestone, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Poochigian, Acting P.J., Franson, J. and Meehan, J.

## INTRODUCTION

Marcus Anthony Foreman, a prison inmate, entered a plea of no contest to one count of possession of cannabis in prison in violation of Penal Code section 4573.8. Following our colleague's decision in *People v. Raybon* (2019) 36 Cal.App.5th 111, review granted August 21, 2019, S256978 (*Raybon*), Foreman moved to withdraw from his plea agreement, arguing possession of cannabis by an adult in a correctional institution has been decriminalized by the passage of Proposition 64. His motion was denied.

Foreman appeals, urging us to follow *Raybon*. He further contends it violates equal protection to criminalize the possession of cannabis in correctional institutions, when possession is now lawful by a person in the general population. We conclude Proposition 64 did not decriminalize the possession of cannabis by adults in correctional institutions.[1] We further conclude Penal Code section 4573.8 is constitutional as applied to Foreman. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On or about April 28, 2018, Foreman, an inmate at Kern Valley State Prison, was found in possession of cannabis.

On February 19, 2019, he was charged by criminal complaint with possessing a controlled substance (cannabis) in state prison, a felony (Pen. Code, § 4573.6, subd. (a)). As to count 1, the complaint further alleged a prior serious or violent felony conviction (Pen. Code, §§ 667, subds. (c)–(j) & 1170.12, subds. (a)–(e)), two prior prison term enhancements (*id*., § 667.5, subd. (b)), and that Foreman was not eligible to be sentenced to county jail due to a prior serious or violent felony conviction or sentence enhancement (*id*., § 1170, subds. (f) & (h)(3)).

---

[1]     To avoid unnecessary repetition, all references to "adults" throughout this opinion refers to adults over 21 years of age.

On June 7, 2019, the complaint was amended to include one count of possession of drugs (cannabis) in prison (Pen. Code, § 4573.8, count 2). Foreman pled no contest to count 2. In exchange for his plea, the People dismissed count 1 and all alleged enhancements. Foreman received a negotiated prison sentence of 16 months.

On August 29, 2019, relying upon *Raybon*, *supra*, 36 Cal.App.5th 111, Foreman moved to withdraw from his plea agreement. The trial court denied Foreman's motion, noting a split of authority between *People v. Perry* (2019) 32 Cal.App.5th 885 (*Perry*) and *Raybon*. *Perry* concluded the crime of possessing cannabis in a correctional institution in violation of Penal Code section 4573.6 remains a felony following the enactment of Proposition 64. (*Perry*, at p. 282.) *Raybon* disagreed, finding the consumption of cannabis in prison remains prohibited, but its possession is not. (*Raybon*, at pp. 121–122.)

The trial court granted Foreman's request for a certificate of probable cause, and Foreman filed a timely notice of appeal.

## DISCUSSION

### I. Proposition 64 Did Not Repeal Laws Pertaining to the Possession of Cannabis in Correctional Institutions

Relying chiefly upon *Raybon*, Foreman asserts possession of less than 28.5 grams of cannabis in a correctional institution in violation of Penal Code section 4573.8 is no longer a felony. The People contend Penal Code section 4573.8 is exempt from Proposition 64's legalization provision. (Health & Saf. Code,[2] §§ 11362.1, 11362.45, subd. (d).) Section 11362.45 provides: "Section 11362.1 does not amend, repeal, affect, restrict, or preempt: [¶] … [¶] (d) Laws *pertaining to smoking or ingesting cannabis* or cannabis products on the grounds of, or within, any facility or institution under the

---

[2] All undefined statutory citations are to the Health and Safety Code unless otherwise indicated.

jurisdiction of the Department of Corrections and Rehabilitation or the Division of Juvenile Justice, or on the grounds of, or within, any other facility or institution referenced in Section 4573 of the Penal Code." (§ 11362.45, subd. (d), italics added.) According to the People, this clause is sufficiently broad enough to preserve laws prohibiting smoking or ingesting cannabis in correctional institutions post-Proposition 64, as well as necessarily included, adjunct, and related activities, such as the possession of cannabis. We agree with the People.

## A. Standard of Review

"When a defendant is represented by counsel, the grant or denial of an application to withdraw a plea is purely within the discretion of the trial court after consideration of all factors necessary to bring about a just result. [Citations.] On appeal, the trial court's decision will be upheld unless there is a clear showing of abuse of discretion." (*People v. Shaw* (1998) 64 Cal.App.4th 492, 495–496.)

## B. Background: Laws Criminalizing the Possession of Cannabis in Correctional Institutions

Foreman contends, "Division 10 of the Health and Safety Code no longer prohibits possession of 28.5 grams or less of marijuana. As a result, under equal protection principles simple possession of marijuana in that amount should not be deemed a felony in violation of [Penal Code] section 4573.8." Thus, according to Foreman, assuming this court follows the analysis set forth in *Raybon*, which concluded Penal Code section 4573.6 had been decriminalized following the passage of Proposition 64, we must also find Penal Code section 4573.8 has been decriminalized.

There are two Penal Code sections that criminalize the possession of cannabis in a correctional institution. Penal Code section 4573.6 refers to the possession of "controlled substances" prohibited by Division 10 of the Health and Safety Code, whereas Penal Code section 4573.8 applies more broadly to the unauthorized possession of "*all* drugs

4.

and alcohol." (*People v. Whalum* (2020) 50 Cal.App.5th 1, 6 (*Whalum*), review granted Aug. 12, 2020, S262935.) This distinction is relevant because—as our colleagues in the Second Appellate District, Division 2 have explained—some of the analysis in *Perry* and *Raybon* is uniquely relevant to a conviction under Penal Code section 4573.6, the crime for which the defendants were convicted. (*Whalum*, at p. 9.)

Here, Foreman was convicted of violating Penal Code section 4573.8, the unauthorized possession of "any drug" in a correctional institution, "regardless of whether the drug is a controlled substance that a person is prohibited from possessing under [D]ivision 10 of the Health and Safety Code." (*Whalum*, *supra*, Cal.App.5th at pp. 9–10.) Our discussion of *Perry*, *Raybon*, and subsequent decisions addressing Penal Code section 4573.6's continued validity is necessarily constrained to aspects of these decisions which also bear upon whether Proposition 64 amended Penal Code section 4573.8.

### C.     Proposition 64

In November 2016, California voters passed Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act. (Prop. 64, § 1, approved by voters, Gen. Elec. (Nov. 8, 2016).) Among other things, Proposition 64 included a provision legalizing certain activities involving the consumption of 28.5 grams or less of cannabis by adults. (§ 11362.1, added by Prop. 64, § 4.4.) Proposition 64 accomplished this by adding section 11362.1 to the Health and Safety Code, which provides the following, in pertinent part:

> "(a) Subject to [s]ections 11362.2, 11362.3, 11362.4, and 11362.45, but notwithstanding any other provision of law, it shall be lawful under state and local law, and shall not be a violation of state or local law, for persons 21 years of age or older to:
>
> > (1) Possess, process, transport, purchase, obtain, or give away to persons 21 years of age or older without any compensation whatsoever, not more than 28.5 grams of cannabis not in the form of concentrated cannabis;

5.

[¶] ... [¶]

(4) Smoke or ingest cannabis or cannabis products[.]"  (§ 11362.1.)

Proposition 64 also added section 11362.45 to the Health and Safety Code, which provides the following:

"Section 11362.1 does not amend, repeal, affect, restrict, or preempt:

[¶] ... [¶]

(d) Laws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation or the Division of Juvenile Justice, or on the grounds of, or within, any other facility or institution referenced in Section 4573 of the Penal Code."  (§ 11362.45.)

Section 11362.45 expressly limits the scope of Proposition 64's legalization provision by carving out certain activities that remain illegal.  The question presented here is whether the possession of cannabis in a correctional institution "pertains to" smoking or ingesting cannabis under section 11362.45, subdivision (d).  If so, it remains a prohibited activity.

### D.  Split of Authority Among California Appellate Courts

There is a split of authority among California appellate courts concerning whether Proposition 64's legalization of cannabis also decriminalized possession of cannabis by adults who are in state prison or jail.

In *Perry* and *People v. Herrera* (2020) 52 Cal.App.5th 982 (*Herrera*), the appellate courts concluded possession of cannabis by an adult in a correctional facility remains a crime following the enactment of Proposition 64.  In *Perry*, the First Appellate District, Division Two held that Proposition 64 did not amend or repeal Penal Code section 4573.6.  (*Perry*, *supra*, 32 Cal.App.5th at p. 890.)  In so holding, the court relied upon section 11362.45, subdivision (d), concluding the clause implies "in the strongest of

6.

terms" that Proposition 64's legalization provision does not amend or repeal laws prohibiting possession of cannabis in prison. (*Perry*, at p. 895.)

Although section 11362.45, subdivision (d) does not refer to "possession" explicitly, possession is implied by the phrase "pertaining to." (*Perry*, *supra*, 32 Cal.App.5th at p. 891.) The court stated, "[w]e would be hard pressed to conclude that possession of cannabis is *unrelated* to smoking or ingesting the substance." (*Ibid.*)

*Perry* reasoned there is no apparent reason why the electorate would legalize the possession of cannabis in correctional institutions while simultaneously prohibiting smoking or ingesting cannabis. The court asked rhetorically, "[f]or what purpose would an inmate possess cannabis that was not meant to be smoked or ingested by anyone?" (*Perry*, *supra*, 32 Cal.App.5th at p. 892.)

In *Herrera*, the Sixth Appellate District joined *Perry* in concluding possession of cannabis in prison in violation of Penal Code section 4573.6, subdivision (a), has not been decriminalized. *Herrera* adopted *Perry*'s broad view of the meaning of section 11362.45, subdivision (d)'s carve-out concluding, " '[l]aws *pertaining to* smoking or ingesting' " cannabis in a correctional institution, is sufficiently broad enough to include the possession of cannabis. (*Herrera*, *supra*, 52 Cal.App.5th at p. 992.) Following *Perry*, the court reasoned the act of possession of cannabis by an inmate necessarily implies an intent for it to be consumed by someone. (*Herrera*, at p. 991, quoting *Perry*, *supra*, 32 Cal.App.5th at p. 892.)

In concluding Proposition 64 had not decriminalized the possession of cannabis in prison, *Herrera* also relied extensively on *Whalum*. In *Whalum*, the Fourth Appellate District, Division One addressed whether Proposition 64 amended or repealed the crime of possessing cannabis in prison in violation of Penal Code section 4573.8, the statute at issue in the instant case. *Whalum* agreed with *Perry*'s analysis regarding the scope of the carve-out in section 11362.45, subdivision (d), finding use of the phrase "pertaining to" sufficiently broad enough to prohibit the possession of cannabis in a correctional

7.

institution, not just its consumption. (*Whalum*, *supra*, 50 Cal.App.5th at p. 10.) The court explained, "[b]ecause the phrase 'pertaining to' signals a *relation to* something, we agree with *Perry* that laws prohibiting the possession of cannabis fall within the scope of the statutory carve out for laws 'pertaining to smoking or ingesting cannabis' in a correctional institution." (*Whalum*, at p. 12, citing § 11362.45, subd. (d).)

Whalum reasoned use of the language "pertaining to" in subdivision (d) of section 11362.45—when considered in the context of subdivisions (a) through (c) of the same statute—supports the inference that possession remains a prohibited activity. The preceding subdivisions protect the proscription against specific activities post-Proposition 64, such as driving while impaired by cannabis, the sale of cannabis, or prohibiting persons younger than 21 years of age from engaging in activities lawful under section 11362.1. (*Whalum*, *supra*, 50 Cal.App.5th at pp. 11–12, citing § 11362.45, subds. (a)–(c).) However, subdivision (d) of section 11362.45 broadly preserves from legalization "[l]aws '*pertaining to* smoking or ingesting cannabis.' " (*Whalum*, at p. 12, citing § 11362.45, subd. (d), italics added.) Thus, use of the phrase "pertaining to" must signal an intent to carve out laws beyond those that strictly refer to the smoking or ingesting of cannabis. (*Ibid*.)

Additionally, *Whalum* observed existing statutes governing the use of cannabis in prison or jail do not specifically criminalize the use of cannabis in prison or jail. (*Whalum*, *supra*, 50 Cal.App.5th at p. 13.) The voters are presumed to be aware of existing laws in adopting a ballot initiative, and consequently, would have been aware of the legal landscape in existence when Proposition 64 was enacted. (*Ibid*.)

Instead of specifically criminalizing the use of cannabis, "the Legislature took the prophylactic approach of enacting statutes criminalizing possession, smuggling and drug trafficking in correctional institutions." (*Whalum*, *supra*, 50 Cal.App.5th at p. 13; see Pen. Code, §§ 4573, subd. (a) [bringing unauthorized controlled substances into prison or jail], 4573.5 [bringing alcoholic beverages, drugs other than controlled

8.

substances, or drug paraphernalia into prison or jail], 4573.6, subd. (a) [unauthorized possession of controlled substances in prison or jail], 4573.8 [possessing alcoholic beverages, drugs, or drug paraphernalia in prison or jail], 4573.9, subd. (a) [selling or furnishing controlled substances to any person held in prison or jail].)  These provisions are viewed as " ' " 'prophylactic' " measures that attack  the  " 'very presence' "of such items in the penal system.' (*People v. Low* (2010) 49 Cal.4th 372, 388.)"  (*Whalum*, at p. 6.)

For section 11362.45, subdivision (d)'s carve-out to have meaning at all in light of the legal landscape existing when Proposition 64 was passed, it must be interpreted to include a prohibition on possession.  (*Whalum*, *supra*, 50 Cal.App.5th at p. 13.)  Otherwise, section 11362.45, subdivision (d) would function as an empty provision, failing to preserve "*any* preexisting law from being 'amend[ed], repeal[ed], affect[ed], restrict[ed], or preempt[ed].' "  (*Whalum*, at p. 13, citing § 11362.45.)

In *Raybon*, *supra*, 36 Cal.App.5th 111, the Third Appellate District reached a contrary conclusion, holding possession of less than one ounce of cannabis in prison—as distinguished from consumption—is no longer a felony under Penal Code section 4573.6.  (*Raybon*, *supra*, 36 Cal.App.5th at pp. 119, 126.)  According to *Raybon*, section 11362.45, subdivision (d) says nothing explicitly about the possession of cannabis in prison, and possession is a distinct activity from smoking or ingesting cannabis.  (*Raybon*, at pp. 121–122.)  Had the drafters of Proposition 64 intended to include possession within section 11362.45, subdivision (d)'s carve-out, they would have done so explicitly, as they had done in other provisions under Proposition 64.  (*Raybon*, at p. 121.)  For example, following Proposition 64, it remains illegal to " '[*p*]*ossess*, smoke, or ingest cannabis or cannabis products' on school grounds and other similar places. (Health and Saf. Code, § 11362.3, subd. (a)(5)[ ])" and to " '[p]ossess an open container or open package of cannabis or cannabis products' in and around motor vehicles.  (Health & Saf. Code, § 11362.3, subd. (a)(4).)"  (*Raybon*, at pp. 121–122, italics added.)  In

contrast, section 11362.45, subdivision (d)'s carve-out does not refer to possession explicitly. The appellate court concluded, "consumption, not possession, is the act the voters determined should remain criminalized if the user is in prison." (*Raybon*, at p. 122.)

*Raybon* rejected the People's argument that such a conclusion would render language within section 11362.45, subdivision (d) mere surplusage, explaining the phrase " 'pertaining to' " has a purpose. (*Raybon*, *supra*, 36 Cal.App.5th at p. 122.) According to the court, this language was intended to function as a catchall "to describe the vast array of means of consumption … not strictly involving smoking or ingesting [cannabis]." (*Id*. at p. 122.) *Raybon* explained, "consumption can be achieved in ways not strictly involving smoking or ingesting, such as inhaled as a nonburning vapor or applied topically such that it is absorbed through the skin." (*Ibid*.)

As discussed further below, we join our colleagues in *Perry*, *Herrera*, and *Whalum* in concluding that Proposition 64 did not "amend, repeal, affect, restrict, or preempt" laws pertaining to the unauthorized possession of cannabis in prison. We conclude Penal Code section 4573.8 was not affected by the passage and enactment of Proposition 64.

### E. Statutory Interpretation

As in any case involving an initiative measure enacted by voters, our fundamental task is to determine the voters' intent so as to effectuate the purpose of the initiative. (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 978–979.) We begin our analysis by examining the plain language of the statute "because the words of a statute are generally the most reliable indicator of … intent." (*In re C.H.* (2011) 53 Cal.4th 94, 100.)

In examining the text of a statute, we do not "consider the statutory language 'in isolation.' " (*People v. Murphy* (2001) 25 Cal.4th 136, 142.) "Rather, we look to 'the entire substance of the statute … in order to determine the scope and purpose of the provision …. [Citation.]' [Citation.] That is, we construe the words in question ' "in

10.

context, keeping in mind the nature and obvious purpose of the statute .…" [Citation.]' [Citation.] We must harmonize 'the various parts of a statutory enactment … by considering the particular clause or section in the context of the statutory framework as a whole.' " (*Ibid.*) These general principles of statutory interpretation also apply to an initiative measure enacted by the voters. (*Arias v. Superior Court*, *supra*, 46 Cal.4th at pp. 978–979.)

Section 11362.1 begins with provisions which provide exceptions to activities made legal by the enactment of Proposition 64: "[s]ubject to Sections 11362.2 [restrictions on the personal cultivation of cannabis], 11362.3 [restrictions on where cannabis may be smoked and ingested], 11362.4 [penalties for violations of sections 11362.2 & 11362.3], and 11362.45, but notwithstanding any other provision of law .…" (§ 113621, subd. (a).) These are the carve-outs to Proposition 64's legalization provision. (§ 11362.1, subd. (a)(1)–(5).)

Expressly excepted from section 11362.1's legalization provision are "[l]aws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation .…" (§ 11362.45, subd. (d).) As *Perry*, *Herrera*, and *Whalum* have concluded, use of the phrase "pertaining to" includes, and therefore also necessarily prohibits, the possession of cannabis by an adult in a correctional institution.

In addition to the statute's use of the phrase "pertaining to," which implies a more expansive prohibition than against the mere consumption of cannabis, nothing in the text of Proposition 64 suggests the initiative would legalize the unauthorized possession of cannabis in correctional institutions. " 'We cannot presume that … the voters intended the initiative to effect a change in law that was not expressed or strongly implied in either the text of the initiative or the analyses and arguments in the official ballot pamphlet.' " (*People v. Valencia* (2017) 3 Cal.5th 347, 364, citing *Farmers Ins. Exchange v. Superior Court* (2006) 137 Cal.App.4th 842, 857–858.) Conspicuously absent from the ballot

11.

materials is any indication that the passage of Proposition 64 might legalize the possession of cannabis in correctional institutions. (*Perry*, *supra*, 32 Cal.App.5th at p. 895; see also *Whalum*, *supra*, 50 Cal.App.5th at pp. 14–15.) We are unconvinced the voters understood such an outcome may result, much less that they intended for this to occur, particularly when it remains unlawful to consume cannabis in correctional institutions. (See § 11362.45, subd. (d).)

If section 11362.45, subdivision (d) was intended to prohibit the vast array of methods to consume cannabis, as *Raybon* suggests, the drafters could have selected a more precise phrase than "pertaining to." "In section 11362.45, subdivision (d) the drafters of Proposition 64 easily could have, but did not, use the phrase 'laws *prohibiting* smoking or ingesting cannabis' in a correctional institution or 'laws *making it unlawful* to smoke or ingest cannabis' in a correctional institution, which would have tracked the language in the three preceding carve outs." (*Whalum*, *supra*, 50 Cal.App.5th at p. 12, citing § 11362.45, subds. (a)–(c).) Either formulation would have made clear the drafters' intent to prohibit consumption specifically without leaving uncertainty as to whether related activities remain unlawful, such as possession.

Instead, the drafters elected to use the phrase "pertaining to," which implies a relation to smoking or ingesting cannabis, versus an identical activity. (*Whalum*, *supra*, 50 Cal.App.5th at p. 11, citing Black's Law Dict. (11th ed. 2019) [defining " 'pertain' " as "[t]o relate directly to; to concern or have to do with"].) We think this was a deliberate choice of words intended to encapsulate more than just "the vast array of means of consumption and consumption[.]" (*Raybon*, *supra*, 36 Cal.App.5th at p. 122.)[3]

---

[3]     We find *Raybon*'s view of the phrase "pertaining to" problematic for another reason. Another statute added to the Health and Safety Code by the passage of Proposition 64 defines smoking in a manner which includes the inhalation of cannabis by nonburning vapor. (§ 11362.3, subd. (b)(2).) Although this definition is limited to section 11362.3's use of the term, it cannot be logically maintained that section 11362.3 and section 11362.45, subdivision (d) should have two different definitions of "smoke"

Because possession relates to smoking or ingesting cannabis, it must logically be included within the activities that remain prohibited following the passage of Proposition 64. Accordingly, we conclude Proposition 64 did not affect Penal Code section 4573.8.

## II.     Appellant Was Not Denied Equal Protection

Having concluded Proposition 64 does not alter, amend, or repeal Penal Code section 4573.8's prohibition against the unauthorized possession of cannabis in correctional institutions, we turn to Foreman's equal protection challenge. Foreman contends since it is no longer a crime for an adult to possess a small amount of cannabis, it violates equal protection under the federal and state constitutions for possession to remain a crime for adults in correctional institutions. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7.) The People assert Foreman has not been denied equal protection because he has failed to show disparate treatment, and there is a rational basis for treating adults in correctional facilities differently from the general population.

As discussed further below, we conclude Foreman has failed to rebut the presumption that Penal Code section 4573.8 is constitutional as applied to him.

### A.     The Equal Protection Clause

"The Fourteenth Amendment to the United States Constitution and article I, section 7, subdivision (a) of the California Constitution both prohibit the denial of equal protection of the laws. 'The equal protection guarantees of [both Constitutions] are substantially equivalent and analyzed in a similar fashion' [citation], and they unquestionably apply to penal statutes." (*People v. Cruz* (2012) 207 Cal.App.4th 664, 674.)

---

and "ingest." After all, these provisions both seek to prohibit the consumption of cannabis, through whatever means consumption may occur. (§§ 11362.3, subd. (a), 11362.45, subd. (d).) Section 11362.3 appears to accomplish this task without use of the phrase "pertaining to," meaning, no catchall was needed.

"The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally. [Citation.] Accordingly, ' "[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." ' [Citation.] 'This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' " (*People v. Brown* (2012) 54 Cal.4th 314, 328.)

"If the first prerequisite is satisfied, we proceed to judicial scrutiny of the classification." (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 53.) To determine the correct level of scrutiny to apply to a legislative classification, we apply the following principles: When reviewing legislation under the equal protection clauses of the state and federal Constitutions, we begin with a presumption of constitutionality. (*People v. Olivas* (1976) 17 Cal.3d 236, 251.) If the classification scheme affects a fundamental interest or right, the burden shifts to the state to "establish that it has a *compelling* interest which justifies the law and then demonstrate that the distinctions drawn by the law are *necessary* to further that purpose." (*Ibid.*)

"By contrast, ' " ' "a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. [Citations.] Where there are 'plausible reasons' for [the classification], 'our inquiry is at an end.' " ' " [Citations.]' " (*People v. Cruz*, *supra*, 207 Cal.App.4th at pp. 675–676, quoting *People v. Hofsheier* (2006) 37 Cal.4th 1185, 1200–1201.)

## B. Analysis

To establish a meritorious equal protection claim, Foreman must first show that two similarly situated groups are treated disparately for purposes of the law challenged.

(*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253; *In re Eric J*. (1979) 25 Cal.3d 522, 530; *People v. Gibson* (1988) 204 Cal.App.3d 1425, 1438.)

Here, as the People correctly observe, disparate treatment has not been shown because all persons are treated similarly under Penal Code section 4573.8. The statute makes it a felony for *any person* in a correctional facility to possess drugs, drug paraphernalia, or alcoholic beverages, whether that individual is an inmate, a visitor, or prison staff. (*People v. Clark* (1966) 241 Cal.App.2d 775, 778; *People v. Trout* (1955) 137 Cal.App.2d 794, 795–796).)

Foreman contends disparate treatment occurs under Penal Code section 4573.8 because a violation of the statute depends entirely upon where possession occurs. We do not see how that advances his argument.

There are legitimate policy reasons for maintaining laws which criminalize the possession of cannabis by individuals in correctional facilities. "[T]he laws making it a crime to possess, smuggle, sell and furnish drugs in prison 'flow from the assumption that drugs, weapons, and other contraband promote disruptive and violent acts in custody, including gang involvement in the drug trade.' " (*Whalum*, *supra*, 50 Cal.App.5th at p. 6, citing *People v. Low*, *supra*, 49 Cal.4th at pp. 387–388.) Thus, for purposes of Penal Code section 4573.8's prohibition against the possession of drugs in prison or jail, individuals inside of correctional institutions are not similarly situated to the general population.

Additionally, although Foreman takes issue with the possession of cannabis being a crime depending upon where possession occurs, Proposition 64 preserves prohibitions against possession in other locations, not just correctional institutions. Possession remains illegal on the grounds of any school, daycare center, or youth center (§ 11362.3, subd. (a)(3)); and possession of an open container of cannabis is not permitted while driving, operating, or riding as a passenger in any vehicle, vessel, or aircraft. (*Id.*, subd. (a)(4).) We see no logical reason why possession should remain lawfully

15.

prohibited under the foregoing circumstances, but that it would deny equal protection to conclude possession remains a crime in correctional institutions. We conclude Foreman's constitutional challenge is without merit.

## **<u>CONCLUSION</u>**

The order denying Foreman's motion to withdraw from his plea agreement is affirmed.